IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHN WILLIAM SCHARNHORST, III                                                           PLAINTIFF

v.                              Civil No. 5:22-CV-05167

SHERIFF TIM HELDER, Washington County, Arkansas;
MAJOR RANDALL DENZER, Washington County Detention Center;
CORPORAL TOM MULVANEY, Washington County Detention Center;
JOHN DOE DEPUTY #1; JOHN DOE DEPUTY #2, JOHN DOE DEPUTY #3;
JOHN DOE PUBLIC DEFENDER #1; JOHN DOE PUBLIC DEFENDER #2;
DENNY HYSLIP, Washington County Public Defender                       DEFENDANTS

# REPORT AND RECOMMENDATION

Plaintiff John William Scharnhorst, III, filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Plaintiff is currently incarcerated at the Washington County Detention Center pending trial on state charges and has requested to proceed *pro se*. (ECF No. 2). In a separate order, the Court granted Plaintiff's *in forma pauperis* application ("IFP"). (ECF No. 3). This matter is now before the Court for preservice review under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon that review, this Court recommends that

1

Plaintiff's claims against John Doe Public Defender #1, John Doe Public Defender #2, and Denny Hyslip, Washington County Public Defender, be dismissed for failure to state a claim as a matter of law. *See* 28 U.S.C. § 1915A(b)(1).

## I. BACKGROUND

In this case, Plaintiff sets forth three claims for relief under 42 U.S.C. § 1983. First, Plaintiff contends that Washington County Sheriff's deputies and an unnamed public defender violated his Fifth Amendment right to attorney-client privilege on December 14, 2021, by requiring him to conduct a legal meeting with the unnamed public defender (John Doe Public Defender #1) in the presence of other people. (ECF No. 1). Plaintiff alleges that he explained to the unnamed sheriff's deputies – Sheriff Deputies John Doe #1, #2 and #3 – that he needed to speak to John Doe Public Defender #1 privately because (1) the Washington County Sheriff is named as an alleged victim in his criminal case; (2) Plaintiff intends to run for sheriff in the upcoming election; and (3) Plaintiff intends to name the sheriff as a defendant in future civil rights actions under 42 U.S.C. § 1983.  Plaintiff says his request was denied and claims they insisted he meet with the public defender in the presence of others, but he refused to do so. *Id.* Plaintiff notes that he was able to hear the other detainees' conversations with the John Doe Public Defender #1, which included discussions about legal strategy and the sharing of personal, financial, and medical information. *Id.* Plaintiff claims it is the Washington County Sheriff Department's policy to force detainees to meet with legal counsel in the presence of other people and that it is the policy of the Washington County Public Defender's Office to "condone, co-operate, and encourage such meetings." *Id.*

Second, Plaintiff claims that his Sixth Amendment right to counsel was violated at his

arraignment on December 15, 2021, when the state court judge denied him public defender representation after John Doe Public Defender #2 – who may be the same person as John Doe Public Defender #1 – informed the court that Plaintiff refused to complete an "indigent defendant" questionnaire. *Id.* Plaintiff is suing John Doe Public Defender #2 in his official and individual capacities but reports he does not know whether John Doe Public Defender #2 was acting in accordance with custom or policy during the alleged civil rights' violation. *Id.*

Finally, Plaintiff contends that he filed a grievance for being refused the opportunity to meet privately with legal counsel. *Id.* Plaintiff contends that Corporal Mulvaney responded that "no one else is complaining." *Id.* Plaintiff appealed and reportedly was told that no law prevented the sheriff's department from requiring detainees to meet with their legal counsel in the presence of others, and that he would not be allowed to meet privately with counsel. *Id.* Plaintiff is suing Corporal Mulvaney in his official and individual capacities. Plaintiff seeks compensatory and punitive damages. *Id.*

## II.     LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued.   The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

In reviewing whether a complaint (or portion thereof) states a claim for which relief may be granted, this Court must accept the complaint's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Varga v. U.S. Nat'l Bank Ass'n*, 764 F.3d 833, 838 (8th Cir. 2014).   The factual allegations need not be detailed but they must be sufficient "to raise

a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. *Pro se* complaints are to be construed liberally, but they must still allege enough facts to support the claims advanced. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citing cases).

### III. LEGAL ANALYSIS

To establish a § 1983 claim, the complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see also DuBose v. Kelly,* 187 F.3d 999, 1002 (8th Cir.1999).

Public defenders, however, are not "acting under color of state law" for the purposes of § 1983 litigation "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Although a § 1983 claim may be brought against a public defender if the public defender "has conspired with . . . state officials to deprive a prisoner of federally protected rights," *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988), the allegations of a conspiracy must be pleaded with sufficient specificity and factual support to suggest a "meeting of the minds," *Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir. 1983).

In this case, Plaintiff fails to plead sufficient facts to establish allegations of a conspiracy that would sustain a claim against the public defender defendants. Although *pro se* complaints are to be liberally construed, federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d at 914-15. Here, the complaint alleges that "[i]t is the policy of the Washington

County Public Defender to condone, co-operate, and encourage," *see* (ECF No. 1), non-private meetings between counsel and detainees at the Washington County jail. Yet, the complaint fails to allege any facts which, if true, would explain *how* this is the case. Without more, such allegations are merely conclusory. *See, e.g.*, *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988) (allegations that judges were aware that public defender defendant was not "vigorously" defending post-conviction action not sufficient to establish conspiracy for § 1983 liability). Because Plaintiff fails to allege *facts* which, if true, would support an inference that the public defender defendants entered into an agreement – or otherwise conspired with – the Washington County Sheriff's Department to deprive him of his constitutional rights, the claims against the public defender defendants fail as a matter of law.

Furthermore, Plaintiff's claims against the public defender defendants in their official capacities similarly fail. "A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). To state a claim against a public employer, the plaintiff must allege "that a policy or custom caused a violation of his constitutional rights." *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Official policy "involves a deliberate choice to follow a course of action . . . made from among various alternatives by an official who has the final authority to establish governmental policy." *Jane Doe A By and Through Jane Doe B v. Special School Dist. Of St. Louis County*, 901 F.2d 642, 645 (8th Cir. 1990). To be liable based on custom, "there must have been a pattern of persistent and widespread unconstitutional practices which became so permanent and well settled as to have the effect and force of law." *Id.* (internal quotations omitted).

The complaint here again fails to allege sufficient facts, which, if true, would support an inference that the public defender defendants were acting in accordance with policy or custom during the alleged violation of Plaintiff's constitutional rights. In fact, with respect to his second claim, Plaintiff admits he is unaware of whether John Doe Public Defender #2 was acting consistent with policy when John Doe #2 – during Plaintiff's arraignment – advised the state trial court that Plaintiff was unwilling to complete the indigent client questionnaire. (ECF No. 1). Further, as noted above, the allegations that the Washington County Public Defender's Officer "cooperate[d]" with, "condone[d]" or "encourage[d]" the policy of the Washington County Sheriff's Department to refuse to allow detainees to meet with their counsel in private are merely conclusions insufficient to support an official-capacity claim.[1]

For these reasons, it is recommended that Plaintiff's claims against John Doe Public Defender #1, John Doe Public Defender #2, and Denny Hyslip, Washington County Public Defender be dismissed as a matter of law for failure to state a claim. *See* 28 U.S.C. 1915A(b)(1).

## CONCLUSION

In sum, having reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, this Court recommends that all claims against John Doe Public Defender #1, John Doe Public Defender #2,

---

[1] Plaintiff also names Denny Hyslip, Washington County Public Defender, as a defendant in this action. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006); *see also Mark v. Nix*, 983 F.2d 138, 139-40 (8th Cir. 1993). Here, however, Plaintiff does not allege any facts suggesting that Denny Hyslip was aware of (let alone involved with) the alleged deprivation of his constitutional rights on December 14, 2021, and December 15, 2021. Thus, claims against Denny Hyslip in his individual capacity fail because there are no allegations tying him to the alleged constitutional violations. As analyzed above, claims against the public defender defendants, including Denny Hyslip, acting in their official capacities fail as a matter of law because there are no allegations that they were acting in accordance with custom or policy in allegedly violating Plaintiff's constitutional rights.

6

and Denny Hyslip, Washington County Public Defender in their individual and official capacities be dismissed as a matter of law for failure to state a claim. *See* 28 U.S.C. 1915A(b)(1).

This Court will enter a separate order directing the United States Marshals Service to serve the remaining defendants – Sheriff Tim Helder, Major Randall Denzer, Corporal Tom Mulvaney, and the three unidentified Washington County Sheriff's Deputies – with a copy of the original complaint and a copy of this Order outlining the claims going forward.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 30th day of August 2022.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE