IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHN WILLIAM SCHARNHORST, III                                                                      PLAINTIFF

V.                                        CASE NO. 5:22-CV-05167

SHERIFF TIM HELDER, Washington County, Arkansas;
MAJOR RANDALL DENZER, Washington County Detention Center;
CORPORAL TOM MULVANEY, Washington County Detention Center;
JOHN DOE DEPUTY #1;
JOHN DOE DEPUTY #2,
JOHN DOE DEPUTY #3;
JOHN DOE PUBLIC DEFENDER #1;
JOHN DOE PUBLIC DEFENDER #2; and
DENNY HYSLIP, Washington County Public Defender                            DEFENDANTS

## OPINION AND ORDER

On August 30, 2022, the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas, performed an initial screening of Plaintiff John William Scharnhorst's Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A and issued a Report and Recommendation ("R&R") (Doc. 6). Magistrate Judge Comstock recommends that Mr. Scharnhorst's claims against John Doe Public Defender #1, John Doe Public Defender #2, and Denny Hyslip, Washington County Public Defender, in both their individual and official capacities, be dismissed for failure to state a claim as a matter of law. Judge Comstock ordered the Complaint be served on the remaining defendants.

Mr. Scharnhorst brings three claims for relief under 42 U.S.C. § 1983, the first two of which involve the public defenders. Mr. Scharnhorst first alleges unidentified sheriff's deputies and an unidentified public defender violated his Fifth Amendment right to attorney-client privilege by forcing him to meet with the public defender in the deputies'

1

presence. This claim is brought against the deputies and public defender in both their individual and official capacities. The R&R finds the individual capacity claim against the public defender fails to state a claim because public defenders do not act under color of state law when fulfilling their traditional functions as defense counsel and the Complaint fails to plead facts to establish the public defender conspired with the Sheriff's office to deprive Mr. Scharnhorst of his rights. As for the official capacity claim against the public defender, the R&R finds the Complaint fails to plead facts to establish the public defender was acting in accordance with a policy or custom of the Washington County Public Defender's office.

Mr. Scharnhorst next alleges an unidentified public defender violated his Sixth Amendment right to counsel when the public defender informed the state court that Mr. Scharnhorst "refused to fill out an indigent defendant questionnaire and the judge denied [him] representation by the public defender." (Doc. 1, p. 7). This claim is also brought against the public defender in her individual and official capacities. The R&R finds the individual capacity claim does not establish the public defender conspired with a state actor to deny Mr. Scharnhorst his right to counsel, and Mr. Scharnhorst admits in the Complaint that he is not sure if the public defender was acting in accordance with any policy or custom for purposes of his official capacity claim. The R&R further finds the individual capacity claims against Denny Hyslip should be dismissed because the Complaint does not allege Mr. Hyslip was involved in or had any knowledge of the events detailed in the Complaint.

In response to the R&R, Mr. Scharnhorst filed five Objections (Doc. 12). The Court

has reviewed the case *de novo* and considered each of Mr. Scharnhorst's objections.

Objections One and Four challenge the R&R's individual capacity findings. Specifically, Mr. Scharnhorst points to the allegation in the Complaint that the public defenders and sheriff's deputies "know fully well that they are violating the detainees' constitutional rights." (Doc. 1, p. 9). He argues this allegation establishes the necessary "meeting of the minds" to show the public defenders conspired with the sheriff's deputies to deprive him of his right to attorney-client privilege. The Court finds this allegation is conclusory and does not include any facts to suggest the public defenders "reached any agreement" with the sheriff's deputies, or any other state actor, to deny Mr. Scharnhorst his rights. *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988). Mr. Scharnhorst also points to a statement allegedly made by Defendant Corporal Tom Mulvaney that "we have been doing it this way for 3 years," in reference to the requirement that detainees meet with their counsel in front of sheriff's deputies. (Doc. 12, p. 2). Corporal Mulvaney's alleged statements are not included in the Complaint, and, even if they were, do not suggest the public defenders conspired with the Sheriff's Department to require the public defenders' clients meet with them in the presence of sheriff's deputies.

Objections Two, Three, and Five challenge the R&R's official capacity findings. Mr. Scharnhorst argues he has adequately pleaded that the Washington County Public Defender's office has a policy or custom of meeting with detainees in the presence of sheriff's deputies because the Complaint states that Mr. Scharnhorst witnessed three other detainees meet with their public defender in such circumstances. This allegation, which focuses on the conduct of the Sheriff's Department on one particular day, does not

3

suggest the Public Defender's office maintains a policy or custom to deprive detainees their right to attorney-client privilege. Mr. Scharnhorst also points to statements allegedly made by a former Washington County Public Defender and by the Executive Director of the Arkansas Public Defender Commission. These statements are not included in the Complaint and do not suggest the Public Defender's office—as opposed to the Sheriff's Department—maintains the policy Mr. Scharnhorst is challenging.

As to Mr. Scharnhorst's official capacity claim against the public defender who allegedly informed the state court that Mr. Scharnhorst refused to complete an indigent defendant questionnaire, Mr. Scharnhorst again admits in his objections that he "is unaware whether [the public defender's] statements were made on her own accord or in accordance with official policy or custom." (Doc. 12, p. 2). Because the Complaint contains no facts to suggest such a policy or custom exists, this official capacity claim cannot go forward.

The Court finds the Complaint fails to state a claim against John Doe Public Defender #1, John Doe Public Defender #2, or Denny Hyslip in either their individual or official capacities. Therefore, **IT IS ORDERED** that the R&R (Doc. 6) is **ADOPTED IN ITS ENTIRETY**, and Mr. Scharnhorst's claims against John Doe Public Defender #1, John Doe Public Defender #2, and Denny Hyslip are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** on this 28th day of September, 2022.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE