IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHN WILLIAM SCHARNHORST, III                                                                PLAINTIFF

v.                            Civil No. 5:22-CV-05167-TLB-CDC

SHERIFF TIM HELDER, Washington County, Arkansas;
MAJOR RANDALL DENZER, Washington County Detention Center;
CORPORAL TOM MULVANEY, Washington County Detention Center;
JOHN DOE SHERIFF'S DEPUTY #2; JOHN DOE SHERIFF'S DEPUTY #3;
JOHN DOE SHERIFF'S DEPUTY #4; JOHN DOE SHERIFF'S DEPUTY #5;
CAPTAIN YATES; and DEPUTY RICHARD BELL                                              DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff John William Scharnhorst, III, filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983, generally alleging the Defendants violated his constitutional right to meet privately with counsel. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation on Plaintiff's Motion for Contempt.[1] (ECF No. 74). Defendants have filed a Memorandum in response, (ECF No. 80), including thirteen (13) exhibits (ECF No. 81). Plaintiff has filed no reply, and this Motion is ripe for the Court's consideration.

## BACKGROUND

This is one of seven civil rights actions Plaintiff initiated in this District within five months. *See Scharnhorst v. Cantrell et al.*, 5:22-CV-05138-TLB (W.D. Ark. July 15, 2022);

---

[1] There are three other motions pending before the Court: Defendants' Motion for Summary Judgment, (ECF No. 68); Plaintiff's Motion to Supplement the Complaint, (ECF No. 98); and Plaintiff's Motion for Subpoena, (ECF No. 100). Those motions will be addressed separately.

1

*Scharnhorst v. Cantrell, et al.*, 5:22-CV-05176-TLB-CDC (W.D. Ark. Aug. 30, 2022);

*Scharnhorst v. Cantrell, et al.*, 5:22-CV-05218-TLB-CDC (W.D. Ark. Oct. 19, 2022);

*Scharnhorst v. Cantrell et al.*, 5:22-CV-05232-TLB-CDC (W.D. Ark. Nov. 28, 2022);

*Scharnhorst v. Cantrell et al.*, 5:22-CV-05238-TLB-CDC (W.D. Ark. Dec. 14, 2022);

*Scharnhorst v. Ake et al.*, 5:22-CV-05243-TLB-CDC (W.D. Ark. Dec. 19, 2022).[2]

In this case,[3] Plaintiff filed his original complaint and *in forma pauperis* ("IFP") application on August 10, 2022. (ECF Nos. 1-2). That same day, this Court granted Plaintiff's request to proceed IFP. (ECF No. 3). In that complaint, Plaintiff generally alleges that the defendants denied his request to meet with his counsel privately, in violation of his constitutional rights. (ECF No. 1). Upon preservice review of the complaint pursuant to 28 U.S.C. § 1915A(a), this Court recommended that the claims against the public defender defendants be dismissed for failure to state a claim. (ECF No. 6). The Court then ordered service of the original complaint on the remaining defendants identified in that complaint: Defendants Tim Helder, Randall Denzer, and Tom Mulvaney. (ECF No. 7). Because Plaintiff's original complaint also listed unidentified individuals – unidentified Sheriff's Deputies #1, #2, and #3 – as defendants, the Court's service order directed Defendant Helder to "advise the Court of the names of the sheriff's deputies who allegedly refused to allow Plaintiff to meet with the public defender representatives privately on December 14, 2021." *Id.*

---

[2] On this Court's recommendation, Judge Brooks granted Defendants' Motion for Summary Judgment and dismissed *Scharnhorst v. Cantrell, et al.*, Case No. 5:22-CV-05176 (W.D. Ark. Aug. 30, 2022), with prejudice. *See* Case No. 5:22-CV-05176 (ECF No. 74). All other cases remain pending at various stages of litigation.

[3] This Court does not endeavor to describe every docket entry in this case, only the background relevant to the Court's analysis of the Plaintiff's Motion for Contempt.

On September 28, 2022, Judge Brooks adopted this Court's recommendation for dismissal of the public defender defendants over Plaintiff's objections. (ECF No. 16). On September 29, 2022, Defendants Helder, Denzer, and Mulvaney responded to Plaintiff's original complaint by filing a Motion to Dismiss, and Memorandum in support, along with an Answer. (ECF Nos. 17-19). This Court directed Plaintiff to file a response to Defendant's Motion to Dismiss, and granted Plaintiff leave to file an amended complaint. (ECF No. 20). In response, Plaintiff filed an Amended Complaint, identifying the following as defendants: Sheriff Tim Helder, Major Randall Denzer, Denny Hyslip, Corporal Tom Mulvaney, John Doe Sheriff's Deputy #1, John Doe Sheriff's Deputy #2, John Doe Sheriff's Deputy #3, John Doe Sheriff's Deputy #4, John Doe Sheriff's Deputy #5, John Doe Public Defender #1, John Doe Public Defender #2, John Doe Public Defender #3, and Captain Yates. (ECF No. 28).

On October 28, 2022, Defendants Helder, Denzer, and Mulvaney answered the Amended Complaint, (ECF No. 32), and the undersigned denied the outstanding Motion to Dismiss as moot. (ECF No. 34). Consistent with the Court's recommendation on the original complaint and Judge Brooks's order adopting that recommendation, the Court ordered that Plaintiff's claims against the public defender defendants in the Amended Complaint be stricken and that the public defender defendants be terminated from this action. *Id.* The Court ordered Defendant Helder to advise the Court of the names of the sheriff's deputies who allegedly ordered Plaintiff to meet the public defender representative in the presence of others on November 19, 2021, and December 14, 2021.[4]  *Id.*

---

[4] Plaintiff's Amended Complaint generally alleges that he was denied the opportunity to meet privately with counsel in violation of his constitutional rights on November 19, 2021, *and* December 14, 2021. (ECF No. 28).

3

On November 14, 2022, Plaintiff filed self-styled "objections" to Defendants' Answer. (ECF No. 35). Plaintiff also filed a notice advising the Court of his request to preserve video evidence that purportedly supports his claims of a conspiracy. (ECF No. 36). Of relevance, on November 17, 2022, Defendants responded to the Court's order directing them to identify the John Doe Deputy defendants. (ECF No. 38). The Defendants' responded, in pertinent part:

> 2. No detention center video is available of court proceedings on November 19, 2021. Utilizing a staff sign in sheet, Defendants have attempted to identify any Deputy who may have been present or assisting in Court proceedings on that day. To the best information and belief of detention center personnel, jail personnel who were present during video meetings or arraignments on November 19, 2021, include Sgt. Sarah Sears, Tyler Ricker, Justin Edens, Clinton McCarver, Bradley Haynes, and part-time officer Edward Boyd.
>
> 3. To the best information and belief of detention center personnel, jail personnel who were present during video meetings or proceedings on December 14, 2021, include Justin Edens, Scott Sharp, and Richard Bell.

(ECF No. 38).

Recognizing that Defendant Yates had not yet been served with the Amended Complaint, this Court ordered service on Defendant Yates on December 9, 2022.[5] (ECF No. 39). On December 12, 2022, this Court directed Plaintiff to identify which of the jail personnel the Defendants identified as being present at, or assisting with, court proceedings and video meetings on November 19, 2021, and December 14, 2021, who were involved in the alleged violations of his constitutional rights. (ECF No. 41). The Court directed Plaintiff to file a response within 21 days of December 12, 2022, the date of the order. *Id.*

On December 29, 2022, Plaintiff requested an extension of time, (ECF No. 42), and in

---

[5] On January 11, 2023, Defendant Yates filed an Answer to the Amended Complaint. (ECF No. 43).

support, provided the following information:

> At this time I have positively identified Richard Bell as one of the Deputies present at my meeting with the Public Defender on December 14, 2021 (which he confirmed in our conversation on December 19, 2022 at approximately 1:25 PM), and I have positively excluded Tyler Ricker and Justin Edens, being familiar with these two deputies, as they transported me fourteen hours from Asheville NC to Fayetteville AR on November 18, 2021. Being unable to identify the other possible John Doe's by name alone, I have made a request to defendants for an in-person meeting or clear color photographs of Sgt. Sarah Sears, Clinton McCarver, Bradley Haynes, Edward Boyd, and Scott Sharp via a request for production.

*Id.* Defendants filed a response, supporting the request for an extension of time. (ECF No. 47). This Court subsequently granted Plaintiff's Motion, directing Plaintiff to respond not later than March 20, 2023. (ECF No. 49).

That same day, this Court directed the Defendants to either file a motion for summary judgment on the issue of whether Plaintiff first exhausted his administrative remedies before filing this action in federal court as required pursuant to 42 U.S.C. § 1997e(a) by March 20, 2023, or promptly file a notice advising the Court that the Defendants did not intend to pursue such a defense at trial. (ECF No. 50). On March 2, 2023, Defendants Helder, Denzer, and Mulvaney filed a notice advising the Court and Plaintiff that they did not intend to file a motion for summary judgment on the issue of exhaustion. (ECF No. 52).

On March 15, 2023, Plaintiff filed the following notice:

> Comes now Plaintiff John Scharnhorst with response to the Court's order to identify Defendants, currently listed as John Doe Deputies. Plaintiff identifies Deputy Richard Bell as the Deputy who insisted that I conduct a meeting with the public defender in his presence, the presence of other deputies, and the presence of fellow detainees, in a room monitored by closed circuit camera and listening devices and refused to allow me to meet with the public defender in private when I attempted to assert my rights by requesting privacy.

(ECF No. 54).

5

Considering this Notice, this Court ordered service on Deputy Bell and directed the Clerk to amend the case caption to replace John Doe Deputy #1 with Deputy Bell. (ECF No. 55). Defendant Bell filed an Answer to the Amended Complaint on April 4, 2023. (ECF No. 63).

On March 17, 2023, this Court entered an initial scheduling order addressing discovery and directing any motion for summary judgment to be filed by August 17, 2023. (ECF No. 57). Defendants requested (and received) an extension of time to file a motion for summary judgment on the merits. (ECF Nos. 66-67). On October 18, 2023, Defendants filed a Motion for Summary Judgment, along with a memorandum, statement of facts, and fourteen (14) exhibits in support. (ECF Nos. 68-70). The next day, the Court directed Plaintiff to file a response to Defendants' Motion for Summary Judgment, including instructions on how to respond. (ECF No. 71).

On November 6, 2023, Plaintiff filed his first request for an extension of time to respond to the Defendants' Motion for Summary Judgment.[6] (ECF No. 73). That same day, Plaintiff filed a Motion for Contempt. (ECF No. 74). Plaintiff's Motion for Contempt asserts the following:

> When I filed my 1st Amended Complaint, I did not know the names of the Deputies involved in my rights violations on Nov 19, 2021, and Dec 14, 2021, so I identified them as Deputy John Doe #'s 1, 2, 3, 4 & 5.  This Court ordered the Defendant to identify these 5 deputies and the Defendants ignored that order.  I notified the Court of this infraction, and this Court reminded the Defendants to comply.  In their response the Defendants again acted in contempt by not identifying these deputies and claimed that no video from 11/19/21 or 12/14/21 existed and there was no way to know who these John Doe Deputies were.
>
> On October 18, 2023, the Defendants submitted their motion for summary judgment, which includes Exhibit A-9, a video thumb drive.  On this thumb drive is a video labeled "A-Pod multi-purp; 12-14-21; 1633-1658; Grev. 26205334."  According to Document 70, page 4, item 13 this video "reflects officers standing or moving about the room" and "officers also set up paperwork . . . ."

---

[6] Plaintiff has filed three motions for an extension of time to respond to the Defendants' Motion for Summary Judgment.  *See* (ECF Nos. 73, 82, 96).  The Court granted those motions.  (ECF Nos. 75, 83, 97).  Plaintiff's response is now due by March 22, 2024.  (ECF No. 97).

6

> . . .
>
> I am requesting a hearing over this contempt. I would like to show Mulvaney's pattern of obstruction. If I'd been provided with this video from December 14, 2021, I likely would've been able to identify the officers who violated my rights. Mulvaney knew that so he lied about it. The sheriff surely would've been able to identify the officers, which they were <u>ordered to do</u>. I would like Helder, Denzer, and Mulvaney found in contempt for lying to this Court and attempting to obstruct justice.

(ECF No. 74).

On November 8, 2023, this Court directed Defendants to respond to Plaintiff's Motion for Contempt by November 27, 2023. (ECF No. 76). On November 21, 2023, Defendants filed their response, including a memorandum and thirteen (13) exhibits, denying that they have violated any court order. (ECF Nos. 80-81). For reasons explained below, the undersigned agrees with Defendants.

**LEGAL STANDARD**

Pursuant to Rule 16(f) of the Federal Rules of Civil Procedure, the Court may "[o]n motion or on its own, [] issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). One such sanction, and the one Plaintiff requests here, is to treat the failure to obey an order as contempt of court. Fed. R. Civ. P. 37(b)(2)(A)(vii). "One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." *Chi. Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 504 (8th Cir. 2000) (citing *United States v. United Mine Workers*, 330 U.S. 258, 290 n.56 (1947)).

"A party seeking civil contempt bears the initial burden of proving, by clear and convincing evidence, that the alleged contemnors violated a court order." *Chi. Truck Drivers*, 207 F.3d at

7

505 (citing *Indep. Fed'n of Flight Attendants v. Cooper*, 134 F.3d 917, 920 (8th Cir. 1998)).  If the moving party meets that initial burden, the burden then shifts to alleged non-moving party to show inability to comply.  *Id.*  To establish an inability to comply, the alleged contemnors must establish: "(1) that they were unable to comply, explaining why categorically and in detail; (2) that their inability to comply was not 'self-induced;' and (3) that they made in good faith all reasonable efforts to comply."  *Id.* at 506 (internal citations omitted).

## ANALYSIS

The first question for the Court to decide in addressing Plaintiff's Motion for Contempt, therefore, is whether Plaintiff has met his initial burden of showing that the Defendants violated a court order. *See Chaganti & Assocs., P.C. v. Nowotny,* 470 F.3d 1215, 1223 (8th Cir. 2006) ("A contempt order must be based on a party's failure to comply with a 'clear and specific' underlying order.") (quoting *Int'l Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp.,* 293 F.3d 409, 418 (8th Cir. 2002)).  Plaintiff has not met this burden.

As a threshold matter, Plaintiff does not specifically identify which Court order the Defendants purportedly violated. *See* (ECF No. 74). Instead, Plaintiff asserts that:

> When I filed my 1st Amended Complaint I did not know the names of the deputies involved in my rights violations on Nov 19, 2021 and Dec 14, 2021, so I identified them as Deputy John Doe #'s 1, 2, 3, 4 & 5. This Court ordered the Defendant to identify these 5 deputies and the Defendants ignored that order.

(ECF No. 74).

Plaintiff misapprehends the record.  Plaintiff's Amended Complaint generally asserts that the defendants denied his request to meet with his counsel privately on November 19, 2021, and December 14, 2021, in violation of his constitutional rights.  (ECF No. 28). After Plaintiff filed his Amended Complaint, this Court ordered, among other things, the Defendants to identify the

8

unidentified defendants – John Doe Deputies #1, #2, #3, #4, and #5 (collectively "John Doe Deputies"). (ECF No. 34). Defendants responded to that order, explicitly saying that "[n]o detention center video is available of court proceedings on November 19, 2021," but using a staff sign-in sheet, Defendants discerned that the following jail personnel were present during video meetings or arraignments on November 19, 2021: "Sgt. Sarah Sears, Tyler Ricker, Justin Edens, Clinton McCarver, Bradley Haynes, and part-time officer Edward Boyd." (ECF No. 38, p. 1). Regarding December 14, 2021, Defendants said: "[t]o the best information and belief of detention center personnel, jail personnel who were present during video meetings or proceedings on December 14, 2021, include Justin Edens, Scott Sharp, and Richard Bell." *Id.* Plaintiff's contention, therefore, that Defendants failed to comply with the Court's order directing them to identify the John Doe deputies described in his Amended Complaint lacks merit.[7]

Plaintiff quibbles with the language of Defendants' response to the Court's order. While Defendants expressly assert that there is "no detention center video" available of court proceedings on November 19, 2021, Defendants do not explicitly address the presence or absence of any such video of court proceedings on December 14, 2021. *See* (ECF No. 38). While it appears that

---

[7] After entering the Court's Report and Recommendation on the Court's preservice review of Plaintiff's original complaint pursuant to 28 U.S.C. § 1915A(a), this Court ordered service on the Defendants identified in that complaint: Sheriff Tim Helder, Major Randall Denzer, and Corporal Tom Mulvaney. (ECF No. 7). In that order, this Court also directed the Defendants to identify the unidentified defendants—styled as Unidentified Sheriff's Deputies #1, #2, and #3. *Id.* Although the record shows that Defendants did not respond to this Order in either their Motion to Dismiss and Memorandum in Support of Motion to Dismiss, (ECF Nos. 17-18), or their Answer to the original complaint, (ECF No. 19), Plaintiff contends that Defendants failed to comply with the Court's order directing Defendants to identify the unidentified defendants named as defendants to his *Amended Complaint*, *see* (ECF No. 74). In any event, Plaintiff's Amended Complaint superseded the original. *See In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) ("It is well-established that an amended complaint supersedes [sic] an original complaint and renders the original complaint without legal effect.").

9

Plaintiff understood Defendants' response to mean that there was *similarly* no video of the December 14, 2021, court proceedings, this Court's order directing Defendants to identify the John Doe Deputies did not order Defendants to identify the existence of surveillance video of court proceedings from December 14, 2021. Thus, Defendants plainly did not violate the Court's order directing Defendants to identify the John Doe Deputies.

The gravamen of Plaintiff's argument is that Defendants did not do *more* to help him identify the John Doe Deputies who allegedly violated his constitutional rights by denying his request to meet privately with counsel on December 14, 2021. Plaintiff contends, for example, that if he had been provided with the surveillance video from December 14, 2021, he "likely would've been able to identify the officers who violated his rights." (ECF No. 74). The Court is not convinced.

As it stands, in response to the Court's order, Defendants advised that "[t]o the best information and belief of detention center personnel, jail personnel who were present during video meetings or arraignments on November 19, 2021, include Sgt. Sarah Sears, Tyler Ricker, Justin Edens, Clinton McCarver, Bradley Haynes, and part-time officer Edward Boyd." (ECF No. 38). Defendants also advised that "[t]o the best information and belief of detention center personnel, jail personnel who were present during video meetings or proceedings on December 14, 2021, include Justin Edens, Scott Sharp, and Richard Bell." (ECF No. 38, p. 2). Thus, of the five unidentified sheriff deputy defendants, Defendants presented Plaintiff with the names of eight individuals: Sgt. Sarah Sears, Tyler Ricker, Justin Edens, Clinton McCarver, Bradley Hayes, Edward Boyd, Scott Sharp, and Richard Bell.

The Court then directed the Plaintiff to identify which of these individuals was involved in

10

the alleged violation of his constitutional rights on November 19, 2021, and December 14, 2021. (ECF No. 41). Plaintiff first responded by asking for more time, saying that he "[has] positively identified Richard Bell as one of the Deputies present at my meeting with the public defender on December 14, 2021 . . . and [he has] *positively excluded Tyler Ricker and Justin Edens*, being familiar with these two deputies as they transported [him] fourteen hours from Asheville NC to Fayetteville AR on November 18, 2021." (ECF No. 42) (emphasis added). Plaintiff asked for an "in-person" meeting with Defendants or "clear color photographs of Sgt. Sarah Sears, Clinton McCarver, Bradley Haynes, Edward Boyd, and Scott Sharp" to help him identify the remaining John Doe Deputies. *Id.* Although discovery had not yet commenced, Defendants provided Plaintiff with a photo array of Sgt. Sarah Sears, Clinton McCarver, Bradley Haynes, Edward Boyd, and Scott Sharp. *See* (ECF No. 48). Ultimately, Plaintiff only identified Defendant Richard Bell as one of the John Doe Deputies, (ECF No. 54), and this Court directed the Clerk to replace John Doe Deputy #1 with Richard Bell as a defendant to this action. Plaintiff provided no other names.

Now, in his Motion to Supplement the Amended Complaint, Plaintiff seeks to add Justin Edens and Scott Sharp as defendants to this action.[8] *See* (ECF No. 98). Here, for the purposes of addressing Plaintiff's Motion for Contempt, it is sufficient to say that Plaintiff was previously provided with the names and photographs of these individuals, but he nevertheless did not identify them as being involved in the alleged violation of his constitutional rights on November 19, 2021, or December 14, 2021. (ECF No. 54). In the case of Justin Edens, moreover, Plaintiff expressly acknowledged familiarity with this individual and then rejected him as being involved in the

---

[8] This Court will address Plaintiff's Motion to Supplement in a separate order. This Court's references to it here should not be construed as remarks on its merits.

alleged violation of his rights. (ECF No. 42). On this record, therefore, the undersigned finds little merit to Plaintiff's complaint about the quality of Defendants' efforts to comply with the Court's order. And more to the point, Plaintiff has failed to establish that Defendants failed to comply with the Court's orders, and it is recommended that Plaintiff's Motion for Contempt, (ECF No. 74), be DENIED on that basis.

## CONCLUSION

For the reasons described above, this Court recommends that Plaintiff's Motion for Contempt (ECF No. 74) be **DENIED**, and Plaintiff's request for a hearing on that Motion be **DENIED.**

Further, the Clerk is DIRECTED to **TERMINATE** John Doe Sheriff Deputy #2, John Doe Sheriff Deputy #3, John Doe Sheriff Deputy #4, and John Doe Sheriff Deputy #5 from this action.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

RECOMEMNDED this 11th day of March 2024.

*Christy Comstock*
_____
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE